## Charles F. Wenham, v. Henry L. Wilson, Trustee.

### Gen. No. 12,755.

1. MEASURE OF DAMAGES—*for wrongful conversion.* The measure of damages for the wrongful conversion of property, is the market value from the time of such conversion plus legal interest.

Bill for accounting. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed November 23, 1906.

**Statement by the Court.** Appellee as trustee in bankruptcy of the estate of Nicholas Melican, senior, filed a bill of complaint against appellant and others praying that the latter be compelled to account to the complainant as to transactions between them and said bankrupt. The Chicago Safe & Merchandise Company and the Peoples Bank were made co-defendants with appellant, but the bill was dismissed as to them, of which no complaint is made.

Complainant charges in substance that appellant loaned money to the bankrupt upon which he demanded and received usurious interest; that with fraudulent purpose he retained notes with power of attorney and secured by chattel mortgages which he endeavored again to collect after the same were paid and should have been canceled; and that he fraudulently and collusively seized under said chattel mortgages merchandise belonging to the bankrupt's estate which he took just before the petition in bankruptcy was filed, falsely pretending that said notes and chattel mortgages represented actual indebtedness due him, when in fact the same had been fully paid.

The answer denies material allegations of the bill, all charges of fraud and conspiracy, and that said notes secured by said chattel mortgages under which the merchandise belonging to the bankrupt was seized were in any part paid by prior settlement.

The decree finds that the bankrupt borrowed of appellant $1,000 November 2, 1901, upon which as interest the bankrupt paid $50 per month for fourteen months, making $700 thus paid; that he bought in 1902 of the Chicago Safe & Merchandise Company, of which appellant was an officer and manager, a bill of goods upon which there remained an unpaid balance of $691.12; that the bankrupt borrowed of appellant $500 December 20, 1902, and $250 January 9, 1903, for which he gave notes with power of attorney secured by chattel mortgage upon his stock of goods; that these were all the sums of money, including the unpaid bill for merchandise, which were advanced to said bankrupt by or through appellant, and that these sums exclusive of the usurious interest paid by the bankrupt constituted a total indebtedness of $2,441.12; that January 9, 1903, as further security for such indebtedness appellant acquired a further note for $2,500, which was secured upon real estate and signed by said bankrupt and his son.

The court finds that afterwards a full settlement was had between appellant and said bankrupt, whereby in consideration of payment of $500 to the bankrupt and satisfaction of said indebtedness, said bankrupt and his son conveyed to appellant their equity in said real estate, thereby paying all of said bankrupt's indebtedness to appellant; that said transactions having been closed and settled between the parties, the court cannot decree the refunding by appellant of the usurious interest so received by him; that appellant is a shrewd business man who was engaged in the business of loaning money at usurious rates; that said bankrupt had little business experience and ability and with his son was in the habit of going to appellant for advice by which they were largely guided; that appellant advised said bankrupt to file his voluntary petition in bankruptcy; that taking advantage of the bankrupt's confidence he did not give back or surrender the notes

which had been paid and should have been canceled and delivered up; that February 11, 1903, appellant wrongfully took from the store of the said bankrupt goods and merchandise to the amount of $1,500, pretending to do so by virtue of the notes and chattel mortgages improperly retained by him after they had been paid; that therefore appellant should account for the value of said goods which the court finds to be $1,500, upon which he is charged with interest from the date when the goods were taken, amounting to $1,672.50. It is therefore decreed that appellant pay appellee that sum with lawful interest from the date of the decree.

RITSHER, MONTGOMERY & HART, for appellant.

CHARLES E. WYMAN, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellant seeks to reverse this decree upon the ground that the Circuit Court erred, first, in finding that the settlement between Melican and appellant on or about February 9, 1903, included the two notes in controversy, namely, one dated December 2, 1902, for $500, and one dated January 9, 1903, for $250; second, in finding the value of the goods seized by appellant under the chattel mortgages given to secure said notes to be $1,500; and third, in allowing interest on such valuation.

The first of these contentions, namely, that the two notes originally representing loans of $750, were due and unpaid when appellant seized merchandise belonging to Melican just before the filing by the latter of a voluntary petition in bankruptcy, is a question of fact. There is evidence tending to sustain the finding in this respect. It sufficiently appears from conceded facts that appellant was able to dictate apparently any terms he chose in his financial dealings with the Meli-

cans. It seems incredible that the latter could be induced to pay interest at the rate of $50 a month for fourteen months upon a loan of $1,000, but he did so. Under all the circumstances the possession of these notes by appellant after the settlement is by no means satisfactory evidence that they were due and unpaid. The evidence as to payment is not perhaps conclusive, but on the other hand it is not doubtful that appellant did receive in that settlement property from which he realized much more than sufficed to pay all that was honestly due him. It is true the chancellor held that he was estopped by the settlement made between appellant and Melican before the latter went into bankruptcy, from compelling appellant to refund the usurious interest paid him; and it is said that nevertheless the result of the decree is that appellant is in fact required to so refund. However this may be, we are not advised of any reason why the equitable power of the court should be limited by the alleged settlement referred to, and the decree in this respect is fully as favorable to appellant as the conceded facts warrant. Under the evidence we should not be justified in disturbing the finding of the chancellor upon the questions of fact.

As to the valuation of the property taken by appellant under the alleged chattel mortgage it is difficult to determine from the evidence as shown in the abstract what the fair value of the property taken was. The inventory made by appellant's agents or employes and the testimony of one of them fixes the value at $1,015.50. Evidence introduced in behalf of appellee placed the valuation at $1,500, and the court found accordingly. We are not in position to say that such finding was erroneous, having neither seen the witnesses nor heard their testimony.

It is urged that the allowance of interest was clearly erroneous. When appellant wrongfully seized and converted to his own use property of Melican's, he became liable from that date to pay as damages the full value

of the property taken. That value was ascertainable by reference to a recognized standard—the market prices. When thus ascertained, it should carry interest, as upon a liquidated account. Harvey v. Hamilton, 155 Ill. 377-380.

Finding no reversible error the decree of the Circuit Court must be affirmed.

*Affirmed.*